```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
TOWER 570 COMPANY LP,                                                 :
                                                                      :
                              Plaintiff,                              :
                                                                      :
              -v-                                                     :   20-CV-799 (JMF)
                                                                      :
AFFILIATED FM INSURANCE COMPANY et al.,                               :   ORDER
                                                                      :
                              Defendants.                             :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Tower 570 Company LP brings this action against Defendants Affiliated FM Insurance Company and Travelers Property Casualty Company of America, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a limited partnership organized in New York and that its members include limited liability companies. ECF No. 2 ("Complaint"), ¶¶ 10-11.

      It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases). It is also well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited partnership and the place of incorporation and principal place of business

of any corporate entities that are members of the limited partnership (including the citizenship of any members of any LLCs that are members of the limited partnership).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.

Accordingly, it is hereby ORDERED that, on or before **May 28, 2020**, the Plaintiff shall amend its Complaint to allege the citizenship of **each constituent person or entity that is a member of Plaintiff, as well as the citizenship of all individual parties**.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party

SO ORDERED.

Dated: May 21, 2020
New York, New York                             _____
                                                JESSE M. FURMAN
                                                United States District Judge